## Gentles v. Gentles

GRIFFITH, J., September 18, 1944. — This matter must be again referred to the master for the reason that at the present stage of these proceedings the court has no jurisdiction over the person of respondent. The sheriff, although the acceptance of service was not signed in his presence, returned as follows:

"June 6, 1944. Service of the within subpœna in divorce together with copy of libel in divorce accepted by Helen Gentles, the within-named respondent.

See acceptance attached.

My costs paid by atty, for libellant.

Sheriff Farrell $2.40."

When we turn to the writ we notice that there is attached thereto a paper containing nothing more than the caption of the case and the following:

"Now, June 6, 1944. Service of the within subpœna in divorce together with copy of libel in divorce accepted.

(Signed)    HELEN GENTLES,
Respondent."

From the master's report it is apparent that the respondent, at all times during the pendency of this proceeding, resided in the City of Detroit, State of Michigan.

Formerly, an acceptance of service itself was considered evidence of collusion and prevented the granting of a decree. However, the view that the prior divorce statutes required personal service of the subpœna or, as the only alternative, publication after two returns of n. e. i. has been shown to be erroneous by the more recent decisions and has fallen by the provisions of section 31 of The Divorce Law of May 2, 1929, P. L. 1237, which expressly authorizes the respondent to cause a general appearance to be entered and makes such appearance equivalent to personal service of the subpœna in divorce: Act of July 10, 1935, P. L. 644. However, neither this act nor any other provision in

the law authorizes the acceptance of service by a respondent herself without the intervention of an attorney where she is located in a foreign jurisdiction.

We do not have before us a situation where a respondent, by properly verified power of attorney, appoints legal counsel to enter an appearance for her in our court and accept service. Here we have a situation where a respondent in a foreign jurisdiction apparently mails to the attorney for libellant a slip of paper containing her unwitnessed and unauthenticated signature. Such service is highly improper and does not confer jurisdiction over the person of respondent upon this court. Nothing we can say can so clearly illustrate the dangers of this situation as the words of Judge Stewart in the case of Bittinger v. Bittinger, 4 Dist. R. 441, 443:

"Here, service is accepted beyond the state by some one representing herself to be the person named in the subpœna. Whether she is or not, the court has no means of knowing, and can have none. No one vouches for her identity with the respondent named. Nothing about the paper filed is authenticated in any way.

"To allow such practice as this, would not only make futile the safeguards of the law and our own rules, but it would throw so wide open the doors to fraud that it would soon be far easier to get divorced than it is to get married." See also Sturgeon on Divorce (3rd ed.) 570 et seq.; 2 Freedman on Divorce 1157.

Rather than dismiss the proceeding and compel the libellant to start anew, we are re-referring this report to the master in order that he may take steps consistent with this opinion.

### Decree

And now, September 18, 1944, the within report is again referred to Clarence E. Davis, Esq., master, for further proceedings consistent with this opinion.